*E-Filed 01/29/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

R AND K REAL ESTATE INVESTMENTS LP; TEODORO OLANDRIA; and AVELINA OLANDRIA,

    Plaintiffs,

v.

CAO-LY INVESTMENT CORPORATION; LONE STAR REALTY & MORTGAGE GROUP; LLOYD H. DO; and DOES 1-100, inclusive,

    Defendants.
_____/

No. C 09-04437 RS

**ORDER GRANTING DEFENDANT CAO-LY'S MOTION TO DISMISS**

I.  INTRODUCTION

In this action for breach of contract, fraud, and related claims, defendant Cao-Ly Investment Corporation ("Cao-Ly") moves to dismiss the complaint filed by plaintiffs R and K Real Estate Investments LP ("R&K"), and Teodorico and Avelina Olandria (the "Olandrias") for lack of personal jurisdiction and improper venue. Alternatively, Cao-Ly requests the case be transferred to the Eastern District of Texas. As explained in detail below, there is an insufficient basis for the exercise of personal jurisdiction over Cao-Ly, and accordingly the motion to dismiss will be granted without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that, in January 2006, the Olandrias contracted to purchase the Bear Creek Plaza Shopping Center in Houston, Texas, from Cao-Ly. The Olandrias, who are California residents, hired California-based real estate broker Gene Raffanti and his brokerage firm, Premier Value Realty, to represent them in the $2.3 million transaction. Another broker, California-based Christina Martinez of North Valley Premier Property, also represented the Olandrias as a "cooperating broker." Cao-Ly's real estate broker, Lloyd Do of Lone Star Realty and Mortgage Group ("Lone Star"), was located in Texas.

According to plaintiffs, they discovered in October 2007 that the shopping center lacked the proper building permits. As a result, plaintiffs filed this lawsuit, alleging that Cao-Ly was liable for breach of contract, breach of warranty, and fraud. The complaint further claimed that all three individual real estate brokers, along with their respective brokerage firms, were liable for intentional and negligent misrepresentation, suppression of fact, breach of fiduciary duty, constructive fraud, and negligence.

Upon receiving the initial complaint, the Court issued an order observing that plaintiffs alleged only diversity as a basis for subject matter jurisdiction, yet the defendant real estate brokers, like plaintiffs, were alleged to be California residents. Order to Show Cause, filed September 28, 2009. Consequently, plaintiffs were instructed to appear and show cause why the matter should not be dismissed outright. Plaintiffs responded by filing a first amended complaint ("FAC"), which dropped Raffanti, Martinez, and their California-based brokerage firms from the lawsuit. The Court then found that diversity jurisdiction appeared on the face of the FAC and discharged its order to show cause. Order Discharging Order to Show Cause, filed November 17, 2009.

Cao-Ly has now moved to dismiss for lack of personal jurisdiction and/or improper venue under Federal Rule of Civil Procedure 12(b)(2) and (3). In the alternative, Cao-Ly requests the case be transferred to the Eastern District of Texas under 28 U.S.C. § 1404(a) (governing the transfer of a civil action to any other district or division where it might have been brought). Defendant Do, who

is *pro se*, has not joined in the motion to dismiss but has instead filed an answer stating that he was unaware of any problem with the building permits at the Bear Creek property and attaching copies of permits purporting to relate to the property. Defendant Lone Star has thus far made no appearance in the lawsuit, but an individual claiming to be Lone Star's former president filed a letter with the Court stating that the company went out of business at the end of 2007.

### III. LEGAL STANDARDS

A. <u>Personal Jurisdiction</u>

An action is subject to dismissal if the Court lacks personal jurisdiction over the moving defendant. *See* Fed. R. Civ. P. 12(b)(2). Personal jurisdiction over a non-resident defendant, such as the defendants in this case, may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946). Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01.

If personal jurisdiction is challenged, the plaintiffs bear the burden of establishing the district court's personal jurisdiction over the defendants. *See Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). However, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. *See id.; see also Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). That is, the plaintiff must present facts which, if true, establish jurisdiction. *See Unocal*, 248 F.3d at 922. A district court's jurisdiction analysis must consider plaintiffs' version of the facts to be true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor." *Unocal*, 248 F.3d at 922 (quoting *AT&T*

*v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

B. <u>Dismissal for Improper Venue; Transfer of Venue</u>

Pursuant to 28 U.S.C. § 1391(a), in a diversity action, venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action for the convenience of the parties, witnesses, or in the interests of justice. To support a motion for transfer of venue under 28 U.S.C. § 1404(a), the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is nonetheless one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Gootnick v. Lighter*, 2005 WL 3079000, at *3 (N.D. Cal. Nov. 16, 2005).

## IV. ANALYSIS

The parties appear to be in agreement that this Court may not exercise general jurisdiction over Cao-Ly, a Texas corporation, owing to its lack of a "continuous" or "systematic" presence in California. *See International Shoe*, 326 U.S. at 316. Instead, the parties' arguments center on the propriety of invoking specific jurisdiction in this circumstance.

The Ninth Circuit employs "a three-part test to determine whether the district court may exercise specific jurisdiction over a nonresident defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The first step is to determine whether the nonresident defendant has done "some act or consummate[d] some transaction with the forum[,] or perform[ed] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking

the benefits and protections" of the forum. *Id.* (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).  The second step asks whether "the claim [is] one which arises out of or results from the defendant's forum-related activities." *Id.*  The final inquiry is to determine if the exercise of jurisdiction is reasonable. *Id.*

As to the first prong, "purposeful availment," plaintiffs attempt to meet their burden of establishing jurisdiction by pointing out that the real estate contract at issue was signed by the Olandrias in California.  Cao-Ly's act of sending the contract to California for the Olandrias' signature, plaintiffs contend, constituted a purposeful availment of the privilege of conducting activities in this state, and in doing so, Cao-Ly invoked the benefits and protections of California law.  Plaintiffs correctly point out that a single act of availment can, in some instances, suffice to establish specific jurisdiction over a nonresident defendant.  *See Yahoo!, Inc. v. La Ligue Contre La Racisme et L'Antisemitisme*, 433 F. 3d. 1199, 1210 (9th Cir. 2006) (en banc) (when the defendant's contacts with the forum are directly related to the lawsuit, "[a] single forum state contact can support jurisdiction"); *see also Burger King v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985) (holding that even a "single act" by the defendant can support jurisdiction, but only if that act creates a "substantial connection" with the forum).

That said, settled Ninth Circuit law provides that the formation of a contract with an out-of-state defendant is not, standing alone, sufficient to establish purposeful availment of the other party's home forum. *Harbor Cold Storage, LLC v. Strawberry Hill, LLC*, 2009 WL 3765361, at *4 (W.D. Wash. Nov. 9, 2009) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (in the context of a sales contract similar to the one at issue here, finding that the plaintiff had not met its burden under the first prong of the specific jurisdiction analysis)).  Rather, "[t]he court's evaluation must be practical and pragmatic, not rigid and formalistic. . . . [and must] examine[ ] factors such as prior negotiations, contemplated future consequences, the terms of the parties' contract, and the parties' course of dealing." *Harbor Cold Storage*, 2009 WL 3765361 at *4. "Finally, to be relied upon to establish minimum contacts, a contract must have a 'substantial

connection' with the forum state." *Id.* (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

Here, plaintiffs, who bear the burden of establishing jurisdiction, have offered no facts as to "prior negotiations, contemplated future consequences, the terms of the parties' contract, or the parties' course of dealing" which might reflect purposeful availment.  Moreover, as noted above, a contract to purchase real property in Texas from a Texas-based seller does not, standing alone, qualify as a "substantial connection" to California.  At oral argument, plaintiffs' counsel was afforded the opportunity to present any additional facts relevant to the issue of jurisdiction, but he represented that no such facts are available.  For these reasons, plaintiffs have failed to establish a basis for personal jurisdiction over Cao-Ly, and its motion to dismiss will be granted.  As no basis exists for the exercise of personal jurisdiction, the question of dismissal for improper venue under Rule 12(b)(3) does not arise, nor may the Court entertain a request for transfer of venue under § 1404.

## V.  CONCLUSION

For the reasons stated above, Cao-Ly's motion to dismiss is granted without prejudice.

IT IS SO ORDERED.

Dated: 01/29/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE